FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REGINALD A. GEORGE, JR., ANDREA D. GEORGE; MORGAN GEORGE, REGINALD and ANDREA GEORGE, on Behalf of and for the benefit of A.G. and V.G., minor children,<br>Plaintiffs,<br>v.<br>DUSTIN BEST, EDWARD STRIEDINGER, STEVEN BROWN, WILLIAM BOB, DAVID BUTZ, DAVID LABOUNTY, MACKENZIE SHAFFER, KRISTOPHER BRAKEBILL, ALAN O'NEAL, HENRY HIX, THEODORE NELSON, and UNITED STATES OF AMERICA, COLVILLE CONFEREDERATED TRIBES, DARNELL SAM, JOLENE SAM, SABRINA DESAUTEL, ALICE KOSKELA, SHANNON THOMAS, CARMEL MCCURDY, JASON D'AVIGNON, MORGAN COSINO, SOPHIE NOMEE, ALICE MARCHAND, | No. 2:22-CV-00285-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS, CLOSING FILE** |

COLVILLE TRIBAL COURT, and COLVILLE TRIBAL POLICE DEPARTMENT,

Defendants.

Before the Court is the Confederated Tribes of the Colville Reservation and the Individual Defendants' Motion to Dismiss, ECF No. 73. Plaintiffs are represented by Andrea D. George. Defendants are represented by Christopher J. Kerley.

Plaintiffs filed their initial Complaint in November 2022. In June 2023, the Court granted Plaintiffs' request to stay the proceedings until the underlying tribal court matters were concluded. On July 22, 2026, Plaintiffs filed their First Amended Complaint (FAC), which added a number of Defendants. ECF No. 69.

Defendants now move to dismiss the FAC, asserting that the majority of the individual Defendants were acting within the scope of their employment so that each of the claim are being brought against the United States and subject to the Federal Tort Claim Act, asking that the United States be substituted as the sole Defendant, asserting that the Confederated Tribes of the Colville Reservation (CTCR) has sovereign immunity from Plaintiffs' claims, asserting that the Colville Tribal Police Department is an arm of the CTCR and its employees are covered by the CTCR's sovereign immunity, asserting that all Individual Defendants, except Jolene Sam, were acting in their official capacities, and asserting the Court lacks subject matter jurisdiction over this action.

**Motion Standard**

Rule 12(b)(1) is the proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). In the context of a Rule 12(b)(1) motion to dismiss on the basis of sovereign immunity, "the party asserting subject matter jurisdiction has the burden of proving its existence, *i.e.* that

immunity does not bar the suit." *Id.* (internal citations and quotations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

**Plaintiffs' Complaint**

Plaintiffs are suing tribal law enforcement officers, attorneys who were employed by the CTCR, the United States, and the CTCR as a result of disputes that occurred when Plaintiff Andrea George was a member of the Colville Business Council, including obtaining an Extreme Risk Protection Order (ERPO) against Plaintiff Reginald George in 2019, which resulted in guns being removed from their home.

Plaintiffs are bringing thirteen claims: (1) conspiracy / discrimination based upon Plaintiff Reginald George's military service and alleged mental health

struggles, as well as Plaintiff Andrea George's position as a recently expelled and politically unfavored CBC; (2) malicious prosecution when Defendants sought an ERPO against Plaintiff Reginald George on March 2019; (3) violation of Colville Tribal Civil Rights Act, CTC § 1-5; (4) denial of hunting and gathering rights; (5) invasion of privacy / absence of search warrant under CTC § 2-1-35; (6) breach of contract – Indian Self-Determination and Education Assistance Act (ISDEAA); (7) breach of implied duty of good faith and fair dealing; (8) outrage; (9) defamation; (10) negligent / intentional misrepresentation and/or omission; (11) negligent / intentional infliction of emotional distress; (12) violation of CTPD Code, § CTC 1-3 and (13) harassment, CTC § 3-7-34.

**Tribal Proceedings**

This case was stayed a number of times to allow Plaintiffs to pursue relief with the CTCR courts. Plaintiffs filed a Second Amended Complaint with the CTCR court on February 16, 2024, asserting claims against mostly the same Defendants named in the above-captioned case. In their SAC, Plaintiffs alleged the following claims: (1) Denial of Hunting and Gathering Rights; (2) violation of Colville Tribal Civil Rights Act, CTC § 1-5; (3) Invasion of Privacy/Absence of Search Warrant, CTC § 2-1-35; (4) breach of contract; (5) breach of implied duty of good faith and fair dealing; (6) outrage; (7) malicious prosecution; (8) defamation; (9) negligent / intentional misrepresentation and/or omission; (10) negligent / intentional infliction of emotional distress; (11) violation of CTPD Code, § CTC 1-3; (12) violation of ORA Code, CTC § 1-4, and (3) Harassment, CTC § 3-7-34.

In ruling on Defendants' Motion for Summary Judgment, Chief Judge Reinbold of the Colville Tribal Court, dismissed the case on the grounds that Plaintiffs failed to state a claim upon which relief may be granted; sovereign immunity, absolute juridical immunity, lack of standing and failure to join a necessary party.

Judge Reinbold found that the Colville Tribal Police defendants[1] were acting within the scope of their employment. Judge Rienbold found defendants who were employees of the Office of the Reservation Attorneys were acting within the scope of their duties as attorneys.[2] Judge Reinbold found that actions taken by Clerk Morgan Cosino and Judge Sophie Nomee were protected by judicial immunity. Judge Rienbold found that Sabrina Desautel's representation of Mr. Striedinger in his capacity as Captain of the Colville Police was within the scope of her employment and Alice Marchand, as an employee of the tribe did not act outside the scope of her employment in a manner that materially affected the claims made by the plaintiffs.

Judge Reinbold found the actions of Darnell Sam were not taken in the course of his duties as a member of the Colville Tribal Business Counsel and were not protected by sovereign immunity, but found the statements made by Darnell Sam and Jodi Sam were make in their capacity as witnesses, and thus were subject to protection.

Judge Reinbold dismissed all of the claims, except the claim under CRC 1-5-2, because CTC 1-5-5 provides a limited waiver of sovereign immunity for this type of claim. But then, Judge Reinbold found there were no issues of material fact that would support a finding of a violation of equal protection or due process, so claims based on violations of 1-5-2 were dismissed for failure to state a claim upon which relief may be granted.

The Tribal Court of Appeals affirmed the trial court's dismissal of all defendants, with the exception of the Colville Confederated Tribes. In response, Chief Judge Reinbold issued another Order finding that the actions of the Colville Tribe were not arbitrary and capricious, and the Tribe did not violate Plaintiffs'

[1] Dustin Best, Edward Striedinger, Dave Butz, Christopher Brakebill, David LaBounty, Mackenzie Schaeffer and Steve Brown.
[2] Alice Koskela, Shannon Thomas, Carmel McCurdy and Jason D'Avignon.

due process or equal protection rights. The Court of Appeals affirmed the trial court's decision dismissing the action.

**Legal Framework**

Tribal sovereign immunity protects Indian tribes from suit absent express authorization from Congress or clear waiver by the tribe. *Cook v. AVI Casino Enterprises*, Inc, 548 F.3d 718, 725 (9th Cir. 2008). Tribal sovereign immunity extends to tribal officials when acting in their official capacity and within the scope of their authority. *Id.* (quotation omitted). "A plaintiff cannot circumvent triable immunity by the simple expedient of naming an officer of the Tribe as a defendant, rather than the sovereign entity." *Id.* (citation omitted). That said, tribal sovereign immunity does not bar this action for damages against individual tribal employees and tribal agents in their personal capacity. *Acres Bonusing, Inc. v. Marston*, 17 4th 901, 908 (9th Cir. 2021). "[A]n indemnification provision cannot, as a matter of law, extend sovereign immunity to individual employees who would otherwise not fall under its protective cloak." *Id.* (quotation omitted),

The ISDEAA does not confer subject matter jurisdiction because it does not affect tribal sovereign immunity. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998). Moreover, this statute applies only to suits by Indian tribes or tribal organizations against the United States. *Newtok Village*, 21 F.4th at 618. The Indian Civil Rights Act only provides a basis for an individual to bring a habeas corpus civil claim. *Pink*, 157 F.3d at 1189.

A witness has absolute immunity from liability in a civil action. *Franklin v. Terr*, 201 F.3d 1098, 1101 (9th Cir. 2000) ("Absolute witness immunity is based on the policy of protecting the judicial process and is "necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.").

As a general principle of comity, federal courts should recognize and enforce tribal judgments. *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1141

(9th Cir. 2001)

**Analysis**

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

To the extent Plaintiffs are bringing a claim under the federal civil rights conspiracy statute, they have failed to state a claim upon which relief may be granted. To state a claim for conspiracy under § 1985, the plaintiff must allege that (1) some racial, or perhaps otherwise class-based invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002). A "class" is cognizable under § 1985 "only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks omitted). That means that the class must have received either (a) a designation by the courts that the class is "a suspect or quasi-suspect classification requiring more exacting scrutiny" or (b) federal legislation indicating that the class requires "special protection." *Id.* (quotation omitted). Plaintiffs have failed to alleged sufficient facts to support a federal claim for conspiracy/discrimination. As such, claim 1 is dismissed.

Claim 2 alleges malicious prosecution. In the Ninth Circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S. § 1983 if process is available within the state judicial system to provide a remedy.[3] *Usher v.*

---

[3] Under Washington law, to maintain an action for malicious prosecution, a plaintiff must show that (1) the prosecution was instituted or continued by the defendant; (2) there was want of probable cause for the institution or continuation of the prosecution; (3) the proceedings were instituted or continued through malice; (4) the proceedings terminated on the merits in favor of the plaintiff or

*City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiffs have not alleged that the filing of the ERPO was intended to deprive Plaintiffs of the equal protection of the laws, as required to pursue a federal malicious prosecution claim. The Court dismisses Claim 2.

Alleged violations of tribal law are insufficient to establish that a case arises under the laws of the United States for purposes of federal-question jurisdiction under 28 U.S.C. § 1331. *See Boe v. Fort Belknap Indian Cmty. of Fort Belknap Rsrv.*, 542 F.2d 276, 279 (9th Cir. 1981). Thus, the Court lacks jurisdiction over Claims 3, 4, 5, 12, and 13. Additionally, the ICRA does not provide an avenue for Plaintiffs to bring their claims in federal court. *Pink*, 157 F.3d at 1189. Claim 6 is dismissed pursuant to *Newtok Village.*

The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). As such, claims 7, 8, 9, 10, and 11 are dismissed.

Moreover, under the principles of comity, the Court will defer to the tribal court's resolution of Plaintiff's claims brought in tribal court, which were similar, if not identical to the claims being presented in the instant action and involved mostly the same Defendants. In the tribal proceedings, Plaintiffs acknowledged the tribal court's jurisdiction over their claims, and Plaintiffs were provided adequate due process to bring their claims in those proceedings. The Tribal Court dismissed Plaintiffs' claims based on sovereign immunity, witness immunity, absolute juridical immunity, lack of standing and failure to join a necessary party.

Finally, while it is true that tribal sovereign immunity extends to tribal officials when acting in their official capacity and within the scope of their authority, tribal defendants sued in their individual capacities for money damages

---

were abandoned; and (5) the plaintiff suffered injury or damage as a result of the prosecution. *Hanson v. City of Snohomish*, 121 Wash.2d 552, 558 (1993).

are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties. *Pistor*, 791 F.3d at 1113. Here, there is nothing in the FAC to suggest that Plaintiff is seeking individual liability against the various Defendants. The FAC does not identify which officials are being sued in their individual capacities or the exact nature of the claims against them. It is not clear that Plaintiffs are seeking damages from the tribal defendants personally, as opposed to the Tribe's treasury.

In conclusion, Plaintiffs had ample opportunity to litigate their claims before the tribal court. This matter involves a dispute between tribal members, tribal employee, tribal courts and the tribe. The Court does not have subject matter jurisdiction over Plaintiffs' federal claims and their claims based on the Colville Tribal Code, and it declines to exercise supplemental jurisdiction over any remaining state law claims. As such, dismissal of Plaintiffs First Amended Complaint is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Confederated Tribes of the Colville Reservation and the Individual Defendants' Motion to Dismiss, ECF No. 73, is **GRANTED**.

2. The United States' Motion to Strike, ECF No. 74, is **DENIED**, as moot.

3. The First Amended Complaint is **DISMISSED**.

//

//

//

//

//

//

//

//

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiffs.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel and **close** the file.

**DATED** this 20th day of November 2026.

Stan Bastian
Chief United States District Judge